Dear Dr. Arveson:
You have requested the opinion of this office concerning the Louisiana Model Career Options Program (MCOP). Specifically, you have asked this office to address the following questions:
 (1) Is the Louisiana Department of Education considered a teacher's employer in regard to his or her involvement in the Model Career Options Program?
 (2) Is the teacher compensation for Model Career Options Program work considered salary and subject to contributions for State teacher retirement benefits?
In addition, you require consideration by this office of the State Board of Elementary and Secondary Education (SBESE) policy as stated in the Louisiana Model Career Options Program Guide, Bulletin 1895, revised May 1992. Regarding Bulletin 1895 you ask:
 (1) May the SBESE change its policy as stated in Bulletin 1895, as revised, and permit only those teachers who met all the eligibility requirements as stated in LSA-R.S. 17:3901-3905 at the time of the evaluation, as mandated in Subpart A of LSA-R.S. 17:3881-3887, to participate in MCOP after the date of the policy change?
 (2) If the SBESE may change its policy as stated in the proceeding question, can the change be retroactive to the first year of implementation in July 1991?
As we understand it, your first two inquiries are aimed at determining whether retirement benefits are payable on behalf of MCOP teachers and whether the Louisiana Department of Education is responsible for paying these retirement benefits contributions. LSA-R.S. 11:701(9), as amended Act 212 of the 1992 Regular Session of the Legislature, defines "earnable compensation" for purposes of the Teacher's Retirement Systems as: ". . . the compensation earned by a member during the full normal working time as a teacher."
In addition, LSA-R.S. 17:3903B.(1) requires that each MCOP participant continue to spend at least sixty percent of classroom hours at his regular assignment and continue to be classified as a teacher.
In light of these statutory provisions, it is the conclusion of this office that compensation for MCOP teachers does constitute "earnable compensation" for purposes of Teacher's Retirement Benefits because compensation of MCOP participants is earned for work done during their full normal working time as teachers.
It is further the opinion of this office that the LDE is the MCOP teachers' employer for purposes of payment of their retirement benefits contributions. Under the Louisiana Teacher's Retirement System the term employer means, "the State of Louisiana . . . or any other agency of and within the State by which a teacher is paid." (LSA-R.S. 11:701(10)) In addition, LSA-R.S. 17:3904 sets forth provisions for the compensation of teachers who participate in the MCOP:
 A. Each teacher who participates in the program provided in this subpart shall receive additional compensation to be paid by the State. The amount of compensation shall be recommended by the department and approved by the board as a part of the development of this program.
According to Subpart A of this statute compensation to MCOP teachers is to be paid by the State. Further, the amount of that compensation is recommended by the LDE and approved by the SBESE. Though the local educational agencies and school principals retain a degree of control over these teachers, they are actually paid by the State and their level of compensation is determined by the LDE.
Because we find the LDE to be the employer for these purposes, retirement benefits must be paid by the LDE from the funds appropriated to it by the Legislature for the MCOP. Subsection B of LSA-R.S. 17:3904 provides that the compensation to be paid by the State to MCOP participants, "shall be in an amount equal to not less that 10% of the amount such teacher receives as minimum salary from the state nor more than 20% of such amount."
Thus, it is clear that the LDE must determine from the amount appropriated for the Program what percentage of their present scheduled salary all MCOP teachers should receive. The LDE's recommendation to the SBESE of the level of compensation should take into account other amounts payable out of the MCOP appropriation including teachers retirement benefits contributions.
Concerning this allocation of MCOP funds, it has come to the attention of this writer that the LDE may find itself in a tenuous position due to the timing of the Legislature's appropriation of MCOP funds and the deadline for teachers to notify the LDE of their participation in the MCOP for a given school year. According to Bulletin 1895, eligible teachers who wish to participate in the program must send a Career Option Selection Form to the LDE Bureau of Professional Accountability by the first Friday in September of that year in which the teacher chooses to participate. This is well after the Legislature has determined the level of appropriation for the MCOP program in any certain year.
Therefore, this writer suggests that in order to avoid this short fall in funding, the LDE, with approval of the SBESE, may choose to alter its policy in order to require at least preliminary notice from eligible teachers of their desire to participate in MCOP for an upcoming school year at a date early enough to inform the Legislature of needed funding levels for that year.
In response to your questions concerning the proposed change to Bulletin 1895, revised May 1992, to require all participants to meet the statutory requirements set forth in LSA-R.S. 17:3902 at the time of their statutorily required evaluations, it is the opinion of this office that this policy would not reflect the intent of the Legislature as set forth in the language of LSA-R.S. 17:3902.
Section 3902 provides that:
 Any teacher who meets all of the following requirements may participate in the program created in the Subpart:
 (1) Holds a valid renewable professional certificate, as provided in LSA-R.S. 17:3891(A)(2).
(2) Has not less than seven years of teaching experience.
(3) Holds at least a master's degree.
 (4) Had a superior evaluation on his most recent evaluation pursuant to Subpart A of this part.
This statute does not require that all four of these requirements be present at the time a teacher receives his or her evaluation pursuant to LSA-R.S. 17:3883. The statute merely provides that in order for a teacher to be eligible he or she must meet all of these requirements at some time after the teacher received a superior evaluation on his or her most recent evaluation. Because the evaluation provided for by LSA-R.S.17:3883 occurs only once every five years, there is a five year "window" in which a teacher may become eligible if he or she does not meet all of the eligibility requirements at the time of evaluation. These statutory eligibility requirements may not be altered in a manner which would contradict the Legislature's actual language and thereby restrict the opportunity for teachers of this state "to expand their professional horizons and explore new avenues in their roles as educators." LSA-R.S.17:3901.
Because it is our opinion that a policy change for eligibility requirements would contravene the Legislature's will, it is not necessary for us to answer your question as to whether this proposed new policy could be applied retroactively.
In conclusion, it is the opinion of this office that compensation paid to MCOP participants is considered salary for purposes of contributions for state retirement benefits. These contributions must be made by the LDE from the MCOP appropriation as the LDE is considered the employer of these teachers for purposes of teacher retirement benefits. Lastly, the SBESE may not change its policy to require participants to meet all statutory eligibility requirements at the same time that they receive their required five year evaluation.
I trust that this sufficiently answers your inquiries. If you require any further information, please don't hesitate to call on this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0221p